UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMBER ROBERTS<br>　*Plaintiff,* | §<br>§<br>§ | |
| vs. | § | No. 4:24-cv-0650-P |
| | § | |
| 1800383 ALBERTA INC. d/b/a RISING<br>STAR LOGISTICS and SINGH HARPAL<br>　*Defendants.* | §<br>§<br>§ | |

### **PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Amber Roberts, complaining of Defendants 1800383 ALBERTA INC. d/b/a RISING STAR LOGISTICS and SINGH HARPAL, and in support thereof would show this Honorable Court the following:

### I.   PARTIES

1. Plaintiff Amber Roberts (hereinafter "Plaintiff Roberts") is a resident of Tarrant County, Texas.

2. Defendant 1800383 Alberta Inc. d/b/a Rising Star Logistics (hereinafter "Defendant Rising Star Logistics") is a Canadian for-profit corporation authorized to do business in the State of Texas. This Defendant has been served with process and has appeared herein. Service of this amended pleading shall be provided to its attorney of record.

3. Defendant Singh Harpal (hereinafter "Defendant Harpal") is an individual resident of Edmonton, Alberta, Canada. This Defendant has appeared herein. Service of this amended pleading shall be provided to his attorney of record.

## II.     Jurisdiction & Venue

4. This Court has jurisdiction over this cause (as currently constituted) pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy between Plaintiff and Defendants exceeds $75,000, excluding interests and costs.

5. Since this Court has jurisdiction, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in Tarrant County, Texas, which is assigned to the Fort Worth Division of the Northern District of Texas.

6. Plaintiff has satisfied all conditions precedent to brining this lawsuit.

7. Plaintiff did nothing to cause or contribute to this occurrence.

## III.     Facts

8. On September 9, 2023, Plaintiff Roberts was traveling eastbound on Interstate 820. At the same time, Defendant Harpal was operating a tractor-trailer and traveling immediately behind Plaintiff Roberts on Interstate 820 in the same lane.

9. Plaintiff Roberts recognized that traffic ahead on Interstate 820 was slowing down, and accordingly, came to a complete stop. Defendant Harpal, however, was not paying attention to the traffic conditions ahead of him and, failing to control the speed of his tractor-trailer, rear-ended Plaintiff Roberts.

10. On information and belief, Defendant Harpal's failure to keep a proper lookout or take proper evasive action is consistent with a driver that was distracted by a cell phone or some other portable media device while driving.

11. The force of the collision pushed Plaintiff Roberts' vehicle into the vehicle in front of her.

12. At all times material to this lawsuit, Defendant Harpal was operating the tractor-trailer with the permission of Defendant Rising Star Logistics.

13. At all times material to this lawsuit, Defendant Harpal was operating the tractor-trailer for Defendant Rising Star Logistics as its employee and was acting within the course and scope of his employment with Defendant Rising Star Logistics at the time of the collision. Additionally, Defendant Rising Star Logistics was the motor carrier with its name and DOT number on the side of the tractor driven by Defendant Harpal, thereby permitting Defendant Harpal to operate under its DOT authority as its statutory employee.

14. As a motor carrier, Defendant Rising Star Logistics was subject to the Federal Motor Carrier Safety Administration Regulations ("FMCSA"). As part of those regulations, Defendant Rising Star Logistics is subject to roadside inspections where designated Department of Transportation examiners look for safety violations in Defendant Rising Star Logistics' equipment and drivers.

15. The FMCSA national average for driver out-of-service violations is 6.0%, whereas Defendant Rising Star Logistics had a driver out-of-service rate of 10%.

16. When reviewing a historical view, Defendant Rising Star Logistics' driver's violations included critical safety issues such as driving beyond the 11-hour driving limit, driving beyond the 14-hour duty period, driver failing to certify the accuracy of the information gathered by the electronic logging device, and driver submitting false reports of drivers record of duty status.

17. The FMCSA national average for vehicle out-of-service violations is 21.4%, whereas Defendant Rising Star Logistics had a vehicle out-of-service rate of 22.2%.

18. As a result of the September 9, 2023 collision, as outlined hereinabove, Plaintiff Roberts suffered severe, excruciating, and debilitating injuries. The severity of Plaintiff Roberts'

thoracic spinal injuries ultimately forced her to undergo thoracic spinal surgery at Texas Health Harris Fort Worth the day after the collision.

19. Plaintiff Roberts continues to seek medical treatment for injuries she sustained as a result of the collision of September 9, 2023.

20. The injuries and medical treatment described herein were proximately caused by the collision of September 9, 2023, which is the basis of this lawsuit.

21. In the alternative, should Defendants attempt to argue or offer evidence related to any allegations of Plaintiff Roberts having pre-existing conditions, Plaintiff would show that if any injury and/or condition from which Plaintiff currently suffers was pre-existing, then such condition was aggravated, exacerbated, and/or made worse by the negligence of Defendants Harpal and Rising Star Logistics.

### IV.   NEGLIGENCE OF SINGH HARPAL

22. The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Harpal. The conduct of Defendant Harpal constituted negligence and/or negligence *per se* as those terms are understood in law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff Roberts made the basis of this lawsuit.

23. Defendant Harpal had a duty to exercise ordinary care and to operate his vehicle in a reasonable and prudent manner. Defendant Harpal breached his duty of care. His negligent actions and/or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

   a. failing to maintain an assured clear distance between two vehicles so the operator can safely stop without colliding with the preceding vehicle on the highway in violation of Tex. Transp. Code §545.062(a);

  b. driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Tex. Transp. Code §545.351(a);

  c. driving at a speed greater than is reasonable and prudent, with regard to actual and potential hazards then existing, to avoid colliding with another vehicle on the highway in violation of Tex. Transp. Code §545.351(b);

  d. driving his vehicle recklessly in violation of Tex. Transp. Code §545.401;

  e. failing to maintain safe vehicle control;

  f. failing to maintain spatial awareness and proper speed;

  g. failing to maintain a proper lookout;

  h. failing to take proper evasive action;

  i. failing to operate his vehicle in a safe manner;

  j. failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

  k. driving while distracted by other activities in his tractor; and

  l. other acts of negligence and/or negligence *per se*.

24. These enumerated acts of negligence and negligence *per se* proximately caused Plaintiff Roberts' injuries and damages when Defendant Harpal collided with Plaintiff Roberts. Plaintiff Roberts was also within the class of people sought to be protected by the statutes Defendant Harpal violated, and Plaintiff Roberts' injuries were of the type these statutes were designed to prevent.

### V.  NEGLIGENCE OF 1800383 ALBERTA INC. d/b/a RISING STAR LOGISTICS

25. At all times material to this lawsuit, Defendant Rising Star Logistics was the employer of Defendant Harpal under Texas law and Defendant Harpal was acting in the course and scope of his employment with Defendant Rising Star Logistics when he caused this crash.

Consequently, Defendant Rising Star Logistics is vicariously liable to Plaintiff Roberts for the negligent conduct of Defendant Harpal under the theory of *respondeat superior*.

26. Pursuant to the statutory employment doctrine, Defendant Rising Star Logistics was the motor carrier with its name and DOT number on the side of the tractor driven by Defendant Harpal. As Defendant Harpal was operating under Defendant Rising Star Logistics' DOT authority, Defendant Rising Star Logistics was the statutory employer of Defendant Harpal and is therefore liable to Plaintiff Roberts for the negligent conduct of Defendant Harpal.

27. Moreover, the independent conduct of Defendant Rising Star Logistics also constituted negligence as that term is known in the law. Such negligent acts or omissions include, but are not limited to the following:

   a. allowing Defendant Harpal to operate its vehicle even though it knew or should have known he was an incompetent driver;

   b. failing to properly train its driver Defendant Harpal in the safe operation of a motor vehicle to avoid traveling too fast for conditions or not following other vehicles too closely to be able to stop without striking Plaintiff's vehicle;

   c. hiring Defendant Harpal without qualifying him as a safe operator of its tractor-trailers under the Federal Motor Carrier Safety Regulations, 49 C.F.R. part 390;

   d. failing to properly train and supervise its driver Defendant Harpal's driving duties and activities while he operated commercial vehicles on Defendant Rising Star Logistics' behalf;

   e. failing to provide proper safety manuals and instructions to its driver Defendant Harpal regarding driving safety;

   f. failing to properly maintain the subject vehicle;

   g. failing to conduct proper maintenance cycles on the subject vehicle to ensure that the subject vehicle was safe for roadway conditions;

    h. failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment and vehicles; and

    i. other acts of negligence.

28. These enumerated acts of negligence proximately caused Plaintiff Roberts' injuries and damages.

## VI. DAMAGES

29. As a result of the collision made the basis of this lawsuit and the negligence of Defendants Rising Star Logistics and Harpal, Plaintiff Roberts sustained significant injuries and damages in the past and will, in reasonable probability, sustain significant damages in the future. As noted in the Fact section, hereinabove, Plaintiff Roberts suffered serious injuries to her spine in the crash, causing her to undergo a thoracic spinal surgery the following day. Accordingly, she sustained pain, impairment, and mental anguish dealing with and experiencing these injuries and treatments, which will more likely than not continue into the future.

30. Plaintiff Roberts respectfully requests that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a. past and future physical pain and suffering for the bodily and mental injuries she sustained in the collision;

    b. past and future mental anguish for the serious disruption of her life, emotional torment, and changes to her quality of life she sustained in the collision;

    c. past and future disfigurement from both the impact points where her injuries occurred and the surgical and other scarring sustained in receiving medical treatment;

    d. past and future physical impairment for the loss of enjoyment of the activities she once enjoyed which she can no longer do without interference from debilitating pain and impairment;

  e. past and future medical care and expenses for all of the medical treatments and services she required for the injuries suffered in the crash;

  f. past and future loss of earning capacity for the work, promotions, and income she would have made had she not been disabled and impaired by the injuries she sustained in the crash; and

  g. past and future out-of-pocket economic losses including but not limited to, parking, travel, deductibles, and other losses associated with her injuries sustained in the collision.

31. As a result of the above and foregoing, Plaintiff Roberts has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff Roberts now brings suit.

32. Plaintiff Roberts seeks both pre-judgment and post-judgment interest as allowed by law, all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

### VII. PRESERVATION OF EVIDENCE

33. Plaintiff Roberts hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recording, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the vehicles which were involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of evidence.

### VIII. JURY DEMAND

34. Plaintiff respectfully requests and demands a trial by jury.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers against Defendants damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

_____
**Langdon "Trey" Smith**
State Bar No. 00797456
lsmith@jimadler.com
**Michael Gomez**
State Bar No. 24029578
mgomez@jimadler.com
**Travis J. Grefenstette**
State Bar No. 24120866
tgrefenstette@jimadler.com
1900 West Loop South, 20th Floor
Houston, Texas 77027
Tel: (713) 735-2114
Fax: (713) 781-2514

**Tanner Forman**
State Bar No. 24094662
tforman@jimadler.com
2711 North Haskell Ave., Suite 2500
Dallas, Texas 75204
Tel: (214) 220-3203
Fax: (713) 781-2514
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record on this 24th day of July, 2024, via the Court's CM/ECF System.

**Via E-Service:**
Brandon K. Best
Bush & Ramirez, PLLC
5615 Kirby Drive, Suite 900
Houston, Texas 77005
T: (713) 626-1555
F: (713) 622-8077
bbest.atty@bushramirez.com
**Attorney for Defendants**

                                                                                                                                  Langdon "Trey" Smith